IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| GARY LAVON DAVIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 5:16-cv-02024-KOB-JHE |
| VANESSA RICH and MIKE BLAKELY, | ) |
| Defendants. | ) |

**MEMORANDUM OF OPINION**

The magistrate judge filed a report on October 2, 2017, recommending this action be dismissed without prejudice for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1). (Doc. 11). Specifically, the magistrate judge concluded that the plaintiff's Fourteenth Amendment access to courts claims against defendants Blakely and Rich are due to be dismissed because he failed to demonstrate how the defendants hindered his efforts to pursue a legal claim by failing to provide him with access to a law library or legal materials. (*Id*. at 3-4). On October 12, 2017, the plaintiff filed an "appeal" of the magistrate judge's report and recommendation. (Doc. 13).[1] The court will construe the plaintiff's "appeal" as objections to the report and recommendation. (*Id*.).

---

[1] Also, on March 15, 2017, the plaintiff filed a motion for a temporary restraining order and preliminary injunction (doc. 8), which the court denied on October 6, 2017 (doc. 12).

In his objections, the plaintiff alleges that on June 25, 2012, he was "forced to plead guilty" to a burglary charge because Limestone County Jail did not afford inmates with law books or other legal materials.[2] (Doc. 13 at 1). However, the plaintiff failed to set forth these factual allegations in his complaint and he did not move to amend his complaint to allege these additional facts. (Doc. 1). The magistrate judge also advised the plaintiff that his "[o]bjections should not contain new allegations, present additional evidence, or repeat legal arguments." (Doc. 11 at 4). Thus, these new factual allegations are not properly before the court.

Even if the court considered the plaintiff's newly alleged facts, such claims would be barred by the statute of limitations. The United States Supreme Court has held that the proper statute of limitations for a 42 U.S.C. § 1983 action is the forum state's general or residual statute of limitations for personal injury. *See Owens v. Okure*, 488 U.S. 235, 236, 249-50 (1989). The residual statute of limitations for personal injury in Alabama is two years. Ala. Code § 6-2-38(l). So the time period within which a person can bring a § 1983 action is two years. A limitations period begins to run when a cause of action accrues. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). The Eleventh Circuit has stated that a cause of action ordinarily

---

[2] The plaintiff notes that a state court judge granted his motion to represent himself during his criminal proceedings. (Doc. 13 at 1).

"'will not accrue, and thereby set the limitations clock running, until the plaintiff[ ] know[s] or should know (1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury.'" *Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003) (citing *Mullinax v. McElhenny*, 817 F.2d 711, 716 (11th Cir. 1987)). Generally, once a limitations period has run out, the action is barred, regardless of the merits of the plaintiff's claims. *See Arce v. Garcia*, 434 F.3d 1254, 1260-61 (11th Cir. 2006).

The plaintiff's claim that he was forced to plead guilty to a burglary charge because of a lack of legal books and materials in the Limestone County Jail arose on June 25, 2012, when he says he was "forced to plead guilty." (Doc. 13 at 1). By this time, the plaintiff was aware of his alleged injury. So, he had until about June 25, 2014 to file a lawsuit. But, the plaintiff did not file the present § 1983 action until December 13, 2016—more than two years after the expiration of the two-year statute of limitations. (Doc. 1 at 4). Accordingly, the plaintiff's new factual allegations based on his guilty plea on June 25, 2012 show that his claim would be barred by the statute of limitations and subject to dismissal.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation, and the objections to it, the court ADOPTS the magistrate judge's report and ACCEPTS his recommendation. In

accordance with 28 U.S.C. § 1915A(b)(1), this action is due to be dismissed without prejudice for failing to state a claim upon which relief can be granted.

The court will enter a separate Final Order.

DONE and ORDERED this 9th day of November, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE